**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES R. WEBB, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-1284-NJR |
| | ) |
| **FRANKLIN COUNTY JAIL,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James R. Webb, Jr., an inmate in Jackson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks removal from probation, disability, and monetary damages for pain and suffering in relation to constitutional violations that allegedly occurred when he was being held at the Franklin County Jail in May 2016.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### **The Complaint**

On May 22, 2016, when Plaintiff was being held at the Franklin County Jail,[1] he was found hanging by his neck in his cell. (Doc. 1, p. 5). Officers Young and Prusodgick saw Plaintiff hanging from his neck. *Id.* Instead of immediately helping Plaintiff, the officers slammed Plaintiff's cell door and left Plaintiff hanging from his neck for approximately fifteen minutes. *Id.* The incident was recorded, and Plaintiff has sixteen witnesses, including five officers. *Id.* As a result of the officers' conduct, Plaintiff is physically and mentally impaired.

The Court begins with a note about the parties at issue in this case. The Complaint identifies officers Young and Prusodgick as the individuals responsible for the alleged constitutional violation. These individuals are not named in the caption or defendant list.

---

[1] Plaintiff's legal status at the time of the alleged constitutional violation is not clear. He may have been an arrestee, a pretrial detainee, or an inmate. Because Plaintiff has not named a suable entity, however, the distinction is immaterial for purposes of this Order.

Accordingly, they will not be treated as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir.2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"); *Id.* at 553 ("[It is] unacceptable for a court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge.").

As discussed more fully below, Plaintiff's Complaint shall be dismissed without prejudice and with leave to amend. If Plaintiff desires to bring a claim against either of the named officers, he must identify them as defendants in the caption of his amended complaint, and the body of the amended complaint must identify the specific actions taken by each individual.

## Discussion

Turning to the substantive allegations in Plaintiff's Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1 –** Plaintiff suffered from deliberate indifference when officers failed to assist Plaintiff for fifteen minutes after finding him hanging in his jail cell by his neck.

Plaintiff's action will be dismissed without prejudice at this time because Plaintiff has failed to name a proper defendant. The only defendant Plaintiff has named in the case caption is "Franklin County Jail." (Doc. 1, p. 1). Under Federal Rule of Civil Procedure 17(b), a defendant

named in a lawsuit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill. App. Ct. 3d Dist. 1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D.Ill. 1992); *see West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. ILL. CONST. 1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers. 730 ILCS § 125/2; ILCS § 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer; they are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST. art. VII, § 1.

Furthermore, § 1983 imposes liability on "any person" who, under color of state law, deprives another of rights protected by the Constitution.[2] In *Monell*, the Supreme Court held that Congress intended municipalities and other local government entities to be included among those persons to whom § 1983 applies. 436 U.S. at 690, 98 S.Ct. at 2035. Unlike municipalities, however, a jail is not a legal entity that can be sued under § 1983. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir.2012) (Knox County Jail a "non-suable entity"); *Powell v. Cook*

---

[2] The section states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

4

*County Jail*, 814 F.Supp. 757, 578 (N.D.Ill. 1993) (Cook County Jail is not an entity nor a "person" subject to suit under § 1983). In order to proceed, Plaintiff either must sue an appropriate legal entity, *see Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), or an individual or individuals who "caused or participated in alleged constitutional deprivation." *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Therefore, the Franklin County Jail will be dismissed with prejudice as a defendant. Plaintiff will be granted leave, however, to amend his Complaint to name a proper defendant.

In addition, the Complaint does not set forth sufficient allegations to determine the applicable legal standard for Plaintiff's medical claim. Different legal standards apply to medical claims of an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), and prisoner (Eighth Amendment). The allegations in the Complaint shed little light on Plaintiff's status. The Complaint does not mention the Fourth, Eighth, or Fourteenth Amendment. Although Plaintiff is not required to plead legal theories at this stage in litigation, his amended complaint should include information that, at a minimum, assists the Court in applying the proper legal standard. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008). That is, should Plaintiff amend his Complaint, he should tell the Court whether he is an arrestee, pretrial detainee, or prisoner.

## Disposition

**IT IS HEREBY ORDERED** that Defendant Franklin County Jail is **DISMISSED with prejudice.** As Plaintiff has named no other defendants, the Complaint is **DISMISSED without prejudice.**

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **April 5, 2017**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e*. 16-cv-1284-NJR).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 8, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**