IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. WEBB, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-1284-JPG |
| | ) |
| JESSE YOUNG, | ) |
| MR. PRUSODGICH, and | ) |
| SHERRIFF OF FRANKLIN COUNTY, ILLINOIS, | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James R. Webb, Jr., currently confined at the Alton Mental Health Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred when he was housed at the Franklin County Jail. Plaintiff seeks removal from probation, monetary damages, and declarative relief.

On January 6, 2017, Plaintiff, proceeding *pro se*, filed the instant action. (Doc. 1). Plaintiff alleged that while incarcerated at the Franklin County Jail, officers Young and Prusodgick saw Plaintiff hanging from his neck. (Doc. 1, p. 5). Instead of immediately helping Plaintiff, the officers slammed Plaintiff's cell door and left Plaintiff hanging from his neck for approximately fifteen minutes. *Id.* Plaintiff alleged that he currently suffers from physical and mental impairments as a result. *Id.* The only defendant identified in the original Complaint was the Franklin County Jail. Because a jail is not a legal entity capable of being sued under § 1983, the Court dismissed the action without prejudice and with leave to amend. (Doc. 10). In the Order of Dismissal, the Court expressly advised Plaintiff as follows: (1) if Plaintiff intended to sue either of the officers discussed in the body of the original Complaint, he must identify those

1

officers as defendants in the caption of his amended complaint; (2) the amended complaint must stand on its own without reference to any prior pleading; and (3) the amended complaint should include information regarding the Plaintiff's legal status at the time of the alleged constitutional deprivation (*i.e.* was Plaintiff an arrestee, pretrial detainee, or a prisoner).

Plaintiff timely filed a First Amended Complaint (Doc. 15). The First Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The First Amended Complaint identifies three potentially appropriate defendants: (1) Jessee Young (Franklin County Deputy), Mr. Prusodgich (Franklin County Deputy), and the Sherriff of Franklin County, Illinois. The statement of claim, however, is entirely inadequate. Plaintiff merely states as follows: "When the officers found me, they should of cut me down immediately. But they left me hanging for over 15 min[utes], causing Brain damage. Improper protocol." (Doc. 1, p. 5).

## Discussion

The First Amended Complaint does not include any of the factual allegations included in the original Complaint. As the Court explained in its prior Order of Dismissal, the Court does not accept piecemeal pleadings. The First Amended Complaint must stand on its own without reference to any previous pleadings. The single allegation in the First Amended Complaint is insufficient, even under the liberal pleading standards of Fed. R. Civ. Pro. 8, to put Defendants on notice of Plaintiff's claims so they can file an answer. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir .2002) (A plaintiff must allege sufficient facts to put each defendant on notice of the wrongdoing with which he is being charged so that he can file an answer.). For this reason, the First Amended Complaint must be dismissed.

The dismissal, however, shall be without prejudice and with leave to amend. With respect to the Second Amended Complaint, the Court **ADVISES** Plaintiff as follows:

(1) The Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

(2) The Second Amended Complaint must identify each defendant in the caption.

(3) The body of the Second Amended Complaint must include a description of what happened to Plaintiff on May 22, 2016. Plaintiff should explain how each defendant violated his constitutional rights and should identify each defendant by name or Doe designation. (*i.e.* When Officer Young found me hanging in my cell he did the following…When Mr. Prusodgich found me hanging in my cell he did the following…The Sherriff did the following…etc.).

Additionally, although this is not a basis for the Court's dismissal, Plaintiff still has not indicated whether he was an arrestee, a pretrial detainee, or an inmate at the time of the alleged constitutional deprivation. The Second Amended Complaint should include this information.

**Pending Motions**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3) and a Motion to Appoint Counsel (Doc. 16). The dismissal of the First Amended Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647,

654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

As to the first inquiry, Plaintiff states that he contacted the Land of Lincoln Legal Services which does not represent individuals in the type of case Plaintiff brings. (Doc. 3). Plaintiff does not indicate that he contacted any other *attorneys* seeking representation. Based on this limited information the Court cannot determine if Plaintiff has made a *reasonable* attempt to obtain counsel.

As to the second inquiry, Plaintiff states that he has difficulty understanding the law (Doc. 3) and that, with his current "mental status," it is difficult to file pleadings (Doc. 16). Nonetheless, Plaintiff's original Complaint indicates that Plaintiff is capable of coherently stating the relevant facts.[1] At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to include more factual content regarding the claims he wishes to pursue (as he did in his original Complaint). Plaintiff alone has knowledge of these facts. No legal training or knowledge is required to set them down on paper and there is presently no indication that Plaintiff's mental status prevents him from relaying these

---

[1] The Court further notes that Plaintiff is presently proceeding *pro se* in other actions in the Southern District of Illinois. *See Webb v. Jackson County Jail,* Case No. 3:17-cv-00012-JPG-SCW; *Webb v. Murphysboro Police Department,* Case No. 3:16-cv-1337-JPG.

5

facts. Therefore, the recruitment of counsel is not warranted at this time and the motions (Docs. 3, 16) are **DENIED** without prejudice. The Court will remain open to appointing counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice.**

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **August 10, 2017** Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for this action (*i.e.* 16-cv-1284-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, a copy of this Order, a copy of his original Complaint, and a copy of his First Amended Complaint.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the

Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 13, 2017**

<u>*s/J. Phil Gilbert*</u>
**J. Phil Gilbert**
**United States District Judge**